# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20687

MARIO FERNANDEZ,

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellant,

v.

MUTUAL OF OMAHA INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3558

Before STEWART, Chief Judge, CLEMENT and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant filed this breach of contract suit seeking damages, penalties, costs, expenses and attorney fees from Defendant-Appellee insurance company after it discontinued benefits payments under a disability insurance policy. Finding the action time-barred, the district court granted summary judgment in favor of Defendant-Appellee and dismissed the action with prejudice. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20687

## I.

In October 1981, Aetna Life Insurance Company issued a "Non-Cancellable and Guaranteed Continuable Disability Income Policy" ("Policy") to Plaintiff-Appellant Mario Fernandez ("Fernandez"). The Policy was subsequently assigned to Defendant-Appellee Mutual of Omaha Insurance Company ("Mutual"). In March 1984, Fernandez lost his eyesight after developing progressive retinitis pigmentosa. In May 1984, Fernandez submitted a claim for Total Disability under the Policy and that year began receiving long-term disability benefits in the amount of $1,000 per month.

From 1984 through June 2007, Fernandez received monthly disability payments and during this time, submitted his medical records on a periodic basis as proof of loss. In June 1992, Mutual sent a letter to Fernandez stating that he and his physician would be required to complete a Continuance of Disability ("COD") form once a year, effective immediately. Mutual explained that Fernandez would be notified at a minimum of 30 days in advance that he would be required to submit an updated COD form. Further, as long as Fernandez continued to qualify under the Policy, he would receive his disability payments on the same date every month.

Fernandez consistently complied with the terms set forth in the letter and completed and submitted the required COD forms as requested by Mutual through March 2006. After March 2006, Fernandez authorized his sons and wife to discuss his Policy with Mutual. On May 8, 2009, Mutual sent Fernandez a letter requesting an updated COD form. The letter stated that if Mutual did not receive the form within 30 days, the claim would be "placed on inactive status" until the completed form was received. Approximately three weeks after the letter was sent, Danny Fernandez—one of Fernandez's sons—called Mutual and stated that Fernandez was serving a 10-year prison sentence for a firearms related offense. Shortly thereafter on June 23, 2009,

No. 14-20687

Mutual contacted Danny and told him that no additional benefits would be paid under the Policy until an updated COD form was completed and submitted by Fernandez and his physician. No form was sent and on July 15, 2009, Mutual did not send the regularly scheduled monthly benefit, nor any benefits thereafter. On July 27, 2009, Mutual sent Fernandez another letter stating that he had 30 days to complete and submit an updated COD form and that his claim would not be processed until the form was received. The letter further stated that if the form was not received within 30 days, his claim would be "placed on inactive status." No COD form was submitted by Fernandez or any of his family members. Thereafter, Mutual never sent another monthly benefits payment to Fernandez, making the June 15, 2009 benefits payment the last payment issued under the Policy.

## II.

On September 30, 2013, more than four years after benefits payments under the Policy were terminated, Fernandez sued Mutual in state court alleging claims of breach of contract, breach of duty of good faith and fair dealing and for violations of the Texas Insurance Code and the Deceptive Trade Practices Act. Fernandez sought damages, penalties, costs, expenses and attorney fees from Mutual in the amount of $200,000, not to exceed $1,000,000. Mutual removed the case to federal district court on the basis of diversity jurisdiction.

In the proceedings below, Fernandez and Mutual did not dispute that the limitations period set by the Policy was three years after the cause of action accrued and that there was a 2-year statute of limitations on the Texas statutory claims.[1] The only issue before the district court was determining the

---

[1] This includes Fernandez's extra-contractual claims and his claims under the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

3

## No. 14-20687

date upon which Fernandez's cause of action accrued and the limitations period began to run. Fernandez argued that his cause of action did not accrue and commence the running of the limitations period until the Policy ended on its own terms in September 2013. This meant that the latest possible date he could have filed suit would have been three years later in September 2016, in light of the 3-year limitations period set by the Policy.

Mutual countered that the cause of action accrued after the coverage was terminated under the policy, *i.e.*, June 15, 2009, as indicated by the July 27, 2009 letter. Thus, the limitations period began to run on September 15, 2010, which accounted for the 15-month grace period after the last disability payment was issued on June 15, 2009. Accordingly, the last possible date Fernandez could have filed suit would have been September 15, 2013, given 3-year limitations period set by the Policy. Because Fernandez filed suit on September 30, 2013, he was two weeks past the termination date of the limitations period and therefore, his suit was time-barred.[2]

The district court granted summary judgment in favor of Mutual, and dismissed Fernandez's suit with prejudice. In her Memorandum and Opinion, the district judge narrowed the dispute between the parties to two primary issues: (1) whether Fernandez was required to submit proofs of loss/COD forms as requested by Mutual to continue to qualify for benefits under the policy, and (2) whether the July 27, 2009 letter sent to Fernandez by Mutual constituted a "denial" of coverage under the Policy, resulting in his suit being time-barred.

The district court first noted that the Policy provided for proofs of loss to be submitted on a continuous and periodic basis after the initial notice of claim was filed. Additionally, the June 1992 letter provided updated terms for

---

[2] Fernandez conceded in the proceedings below that if the July 27, 2009 letter constituted a denial of coverage, then his September 30, 2013 suit was time-barred.

No. 14-20687

Fernandez to submit COD forms on an annual basis.  Accordingly, the district court concluded that Fernandez was required to submit COD forms to remain eligible for continued coverage under the Policy.  As a result, Fernandez was required to send an updated COD form once he received the May 8, 2009 request from Mutual.  Under the Policy, the 15-month grace period for sending the updated form began to run on the May 8, 2009 request date.  Once the grace period ended, the 3-year limitations period under the Policy began to run. This meant that Fernandez would have been required to file suit on his contract claims under the Policy by early August 2013.  Because he did not file suit until the following month, his contractual claims under the Policy were time-barred.[3]

Second, the district court concluded that the July 27, 2009 letter constituted a clear denial of coverage and termination of benefits.  Accordingly, Fernandez's extra-contractual claims and his claims for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act expired no later than July 27, 2011, two years after he received the July 27, 2009 letter notifying him that Mutual would not continue to cover his claims.  Accordingly, his suit on those claims was also time-barred.  Fernandez filed this appeal.

On appeal, Fernandez argues that the district court erred in granting summary judgment in favor of Mutual because: (1) it failed to include all reasonable inferences favorable to Fernandez; (2) it erred in concluding that the cessation of payments constituted a claim denial for limitations purposes; (3) it improperly included the waived proof of loss time limitation under the Policy and incorrectly calculated the accrual date as a result; and (4)

---

[3] We note that Mutual calculates the date of accrual of Fernandez's action as 15 months after June 15, 2009—the date the last benefits check was paid—and that the district court calculated the date of accrual as 15 months after May 8, 2009—the date Mutual sent its initial request for an updated COD form.  We do not address this discrepancy herein, however, because Fernandez's action would be time-barred under either date.

No. 14-20687

alternatively, if the proof of loss was not waived, the district court incorrectly calculated the accrual date for Fernandez's cause of action.

### III.

"We review a district court's grant of summary judgment de novo." *James v. State Farm Mut. Auto. Ins. Co.,* 743 F.3d 65, 68 (5th Cir. 2014).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's judgment and reasoning, we AFFIRM the district court's judgment and adopt its analysis in full.